UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,                                    CASE NO. 2:05-cv-74211

v.                                                HON. GEORGE CARAM STEEH

WAL-MART STORES, INC,

    Defendant.
_____/

**CONSENT DECREE**

1.       Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission") commenced this action on September 29 2005 in the United States District Court for the Western District of Michigan, which was subsequently transferred to the Eastern District of Michigan, alleging that the Defendant, Wal-Mart Stores, Inc. ("Wal-Mart") failed to reasonably accommodate Charging Party Linda Keyes, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.

2.       As a result of settlement discussions, the Commission and Wal-Mart have resolved their differences and have agreed that this action should be settled by entry of this Consent Decree. It is the intent of the parties that this Consent Decree be a final and binding settlement in full disposition of any and all claims alleged or which could have been alleged in the Complaint against Wal-Mart or in the Charge of Discrimination filed by Keyes, Charge No. 230-A2-01399.

## STIPULATED FACTS

3. The Commission is the agency of the United States government authorized by the ADA to investigate allegations of unlawful employment discrimination based upon disability, to bring civil actions to prohibit unlawful employment practices, and to seek relief for individuals affected by such practices.

4. Wal-Mart is an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U. S.C. § 12111(2), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e (g) and (h). Wal-Mart had at least 25 employees for 20 or more calendar weeks during the relevant period of time.

5. Pursuant to the ADA, the parties acknowledge the jurisdiction of the United States District Court for the Eastern District of Michigan (Southern Division) over the subject matter and parties to this case for the purpose of entering this Decree, and if necessary, enforcing the provisions of this Decree.

6. Venue is appropriate in the Eastern District of Michigan (Southern Division). For purposes of this Decree and proceedings related to this Decree only, Wal-Mart agrees that all statutory conditions precedent to the institution of this lawsuit against Wal-Mart has been fulfilled.

## FINDINGS

7. Having examined the terms and provisions of the Consent Decree and based on the pleadings, records, and stipulations of the parties, the Court finds the following:

a. The Court has jurisdiction over the subject matter of this action against Wal-Mart;

b. The terms and provisions of this Consent Decree are fair, reasonable and just. The rights of

Wal-Mart, the Commission, and those for whom the Commission seeks relief are adequately protected by this Decree;

c.      The Consent Decree conforms with the Federal Rules of Civil Procedure and the ADA, and is not in derogation of the rights and privileges of any person.  The entry of this Decree will further the objectives of the ADA and will be in the best interests of the parties and those for whom the Commission seeks relief

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

### NON-ADMISSION

8.      This Decree, being entered with the consent of the Commission and Wal-Mart, shall not constitute an adjudication or finding on the merits of this case and shall not be construed as an admission by Wal-Mart of any violation of the ADA or, any other law, rule or regulation dealing with or in connection with equal employment opportunity.

### NON-DISCRIMINATION

9.      Wal-Mart, its officers and associates and all persons in active concert or participation with them or any of them shall comply with the provisions of the ADA, 42 U.S.C. § 12101 et seq., with regard to disability discrimination.

10.     Wal-Mart, its officers and associates shall comply with their legal obligation to reasonably accommodate individuals with disabilities as defined/required by the ADA.

### NON-RETALIATION

11.     Wal-Mart shall not take any action against any person which constitutes intimidation, retaliation, harassment, or interference with the exercise of such person's rights under the ADA

because of the filing of the Charge of Discrimination by Linda Keyes, which forms the basis for the present case, or because such person gave testimony or assistance or participated in any manner in any investigation or proceeding in connection with this case under the ADA.

## MONETARY COMPENSATION

12. Wal-Mart shall, within twenty (20) days of entry of this Consent Decree, pay Linda Keyes, Seven Thousand, Five Hundred Dollars ($7,500). This amount represents payment for alleged compensatory damages. Wal-Mart shall issue a 1099 form for this amount in the ordinary course of business. This monetary compensation shall be paid in a check made payable to Linda Keyes, 108 Mystic Cove Box 41, Herron, Michigan 49744 and Teri Gorman her attorney. Wal-Mart shall mail this payment to Linda Keyes' attorney within ten (10) days after this Consent Decree has been entered by the Court. Wal-Mart shall mail a copy of the check to Adele Rapport, Regional Attorney, 477 Michigan Avenue, Suite 865, Detroit, Michigan 48226. The Commission shall have the right to monitor compliance with this paragraph.

## TRAINING AND/OR EDUCATIONAL PROGRAMS

13. Wal-Mart agrees that it will provide a mandatory training program to all salaried members of management at its Alpena, Michigan store which will focus on the requirements of the federal equal employment opportunity laws, including the Americans with Disabilities Act of 1990, as amended. The training will require the retaking of Wal-Mart's CBL (computer based learning) which addresses the ADA and includes information and discussion regarding the ADA requirement that employers have a duty to provide a reasonable accommodation for employees with disabilities and are required to engage in the interactive process with employees to determine possible reasonable accommodations.

## POSTING OF NOTICE

15.     Wal-Mart agrees that it shall post a copy of the Notice attached as Exhibit A in a conspicuous location at its Alpena facility where employee notices are posted.  The notice shall be posted for one (1) year from the date the Consent Decree is entered by the Court.  Should the posted notice become defaced, marred or otherwise made unreadable, Wal-Mart agrees to post a readable copy of the notice as soon as practical thereafter.

## DURATION

16.     This Consent Decree shall remain in effect for one (1) year from the date it is entered, and the Court shall retain jurisdiction of this action during the duration of this Decree to enforce compliance with the Decree.

## REPORTING

17.     Three (3) months after entry of this Decree and on the anniversary of the entry of this Decree, the Defendant shall submit to the Commission a report (signed proof the CBL has been retaken and proof of passing score) of the steps it has taken to comply with this Decree.  The Defendant's report pursuant to this paragraph shall be submitted to:  Adele Rapport, Regional Attorney, EEOC, Detroit District Office, 477 Michigan Avenue, Suite 865, Patrick V. McNamara Building, Detroit, Michigan 48226.  The reporting obligations under this paragraph shall cease after the Defendant submits the report due on the anniversary date of the entry of this Decree.

## DISPUTE RESOLUTION AND COMPLIANCE

18.     The Court will have all available equitable powers, including injunctive relief, to enforce this Decree.  Upon motion of any party, the Court may schedule a hearing for the purpose of reviewing any party's compliance with this Decree and/or ordering appropriate relief to determine whether the

parties have complied with the terms of this Decree.  Prior to seeking review by the Court, the parties shall engage in a good faith effort to resolve any dispute concerning compliance with the Decree.  Any party seeking court review of a matter shall be required to give ten (10) days notice to the other parties before moving for such review.

## COURT COSTS AND ATTORNEY FEES

19.Each party shall bear its own court costs and attorney fees.

## MISCELLANEOUS

20.If any provision(s) of this Agreement is found to be unlawful, only the specific provision(s) in question shall be affected and the other provisions will remain in fall force and effect.

21.The terms of this Decree shall be binding upon the present and future owners, officers, directors, employees, creditors, agents, trustees, administrators, successors, representatives, and assigns of Wal-Mart.

22.This Agreement constitutes the entire agreement and commitments of Wal-Mart and the Commission.  Any modifications to this Decree must be mutually agreed upon and memorialized in a writing signed by Wal-Mart and the Commission.

23.When this Decree requires or permits the submission of any documents by Wal Mart to the Commission, if not otherwise indicated in the Decree, they shall be mailed to Adele Rapport, Regional Attorney, EEOC, Detroit District Office, Patrick V. McNamara Federal Building, 477 Michigan Avenue, Room 865, Detroit, MI 48226.

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | WAL-MART STORES, INC.<br><br>KIENBAUM OPPERWALL HARDY & PELTON, P.L.C. |
| _____/s/ Dale Price_____<br>Adele Rapport (P44833)<br>Regional Attorney | By:\_\_\_/s/ with permission_____<br>Eric J. Pelton (P40635)<br>Attorneys for Defendant |

Stanley Pitts (P33519)
Supervisory Trial Attorney

Dale Price (P55578)
Trial Attorney
Attorneys for Plaintiff

Detroit District Office
Patrick V. McNamara Federal Building
477 Michigan Avenue, Room 865
Detroit, MI  48226

**IT IS SO ORDERED:**

Dated: 11/21/05

s/George Caram Steeh
UNITED STATES DISTRICT JUDGE

## EXHIBIT A

## NOTICE TO ALL EMPLOYEES

This Notice is being posted as a result of a Consent Decree entered between the United States Equal Employment Opportunity Commission and Wal-Mart Stores, Inc., to inform you of your rights guaranteed by federal law under the Americans With Disabilities Act, 42 U.S. C. § 12101 et. seq. ("ADA"). The ADA prohibits discrimination against any employee on the basis of disability with regard to any term or condition of employment including hiring, layoff, recall, promotion, discharge, pay and fringe benefits or in retaliation for the opposition to unlawful employment practices.

The United States Equal Employment Opportunity Commission is the federal agency which investigates charges of unlawful employment discrimination and, if necessary, files lawsuits in federal court to enforce the anti-discrimination provisions of the ADA. Any employee who believes that he/she is the victim of discrimination or retaliation has the legal right to file a charge of discrimination with the U.S. Equal Employment Opportunity Commission.

Wal-Mart supports and will comply with this federal law in all respects. Wal-Mart will not take any action against any employees because they have exercised their rights under the ADA.

_____        _____

Dated:                                                             Wal-Mart Stores, Inc.